# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CEBOLLETA RANCH LTD. CO., LLC, a New
Mexico Limited Liability Company, and RICHARD
FULLER,

        Plaintiffs,

        vs.                                                      No. CIV 01-0331 LH/RLP

FIRST AMERICAN TITLE, INC., a California
Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend Complaint (Docket No. 9), filed May 31, 2001. The Court, having reviewed the Motion, the parties' memoranda, and the applicable law, and otherwise being fully advised, finds that Plaintiffs' Motion is well taken and will be **granted**, and that this case will be **remanded to state district court**.

Plaintiffs filed this action in state court on February 22, 2001, asserting claims of breach of the contractual obligation to indemnify, breach of the implied duty of good faith and fair dealing, negligence, unfair insurance claims practices, and unfair trade practices. Defendant First American Title, Inc. (First American) removed the case to federal court on March 23, 2001, and filed its original Answer on April 3, 2001.

Plaintiffs allege in their Complaint that "Richard Fuller negotiated the title insurance policy with Charles F. Headen, agent of First American Title." (Notice of Removal, Ex. B, Compl. Breach Title Insurance Contract, Breach Implied Covenant of Good Faith and Fair Dealing and Negligence

at ¶ 23.)  First American denied that Mr. Headen was its agent in its Answer.  (Answer ¶ 10 "[(First American] denies that Charles Headen is an agent of First American, as alleged in paragraph 23 of the Complaint.")  In its First Amended Answer, filed the same day Plaintiffs served this Motion upon it, April 23, 2001, First American avers "that Charles Headen is employed by Cibola County Title Company ("Cibola County") and that Cibola County has been First American's agent for limited purposes, under the terms of an Underwriting Agreement . . . .  All other allegations in paragraph 23 of the Complaint are denied."  (First Am. Answer ¶ 11.)  Plaintiffs now seek to amend their Complaint to add Mr. Headen and two of his title insurance companies, Cibola County Title Company, and Security Title Abstract Company, as defendants.

Although Plaintiffs initially brought and argued their Motion pursuant to FED. R. CIV. P. 15, (*see* Mem. Law Supp. Pls.' Mot. Amend Compl.), in their Reply they join First American in analyzing the Motion under 28 U.S.C. § 1447(e).  This provision provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, *the court may deny joinder, or permit joinder and remand the action to the State court*."  28 U.S.C. § 1447(e)(emphasis added).  Thus, the decision whether to permit joinder of a defendant under Section 1447(e) is "committed to the sound discretion of the district court."  *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).  In exercising its discretion, a district court may "consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'"  *Id.* (citing *Gum v. General Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D. W. Va. 1998);  *see also* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739 at 442 (3d ed. 1998) ("The cases decided under amended Section 1447(e) show that the courts are looking at a variety of

predictable factors, such as the motivation for the joinder, whether or not the plaintiff was dilatory in seeking joinder, judicial efficiency and economy, as well as a number of other concerns.").

First American contends that Plaintiffs propose joinder for the purpose of destroying diversity; Plaintiffs have not been diligent in bringing their claims against the proposed nondiverse defendants; Plaintiffs would not be prejudiced by denial of their Motion because they can bring another suit in state court; and First American would be prejudiced in being denied its choice of forum. Plaintiffs reply that their Motion is timely; First American cannot claim surprise, as its denial of agency necessitates joinder; denial of the amendment to join would result in waste of judicial resources and possible inconsistent verdicts; and they seek amendment merely to assure complete redress of their injuries.

The Court finds that the balance of equities lies in favor of Plaintiffs. Plaintiffs clearly acted in a timely manner following First American's denial that Mr. Headen was its agent. Additionally, as Plaintiffs' claims against Mr. Headen and his companies appear to involve the same factual bases and legal theories as those it brings against First American, the interests of judicial economy and avoidance of possibly conflicting rulings weigh heavily in favor of joinder and remand.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Complaint (Docket No. 9), filed May 31, 2001, is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**